**In re COLOHAN.**

**No. 1285.**

United States District Court

District of Columbia.

Nov. 8, 1950.

James J. Laughlin, Washington, D.C., for patient.

S. Jay McCathran, Jr., Washington, D. C., for petitioner.

KIRKLAND, Judge.

This cause came on to be heard upon a request for petitioner's costs and counsel fees. The operative facts in this case are:

In December, 1948, Nora Angela Colohan, the patient, conveyed the premises at 232 Second Street, Southeast, Washington, D.C., to Mrs. Mary Catherine Litz, daughter of petitioner in this proceeding, reserving to herself a life estate, and present counsel appears for the niece in opposition to a suit brought by the patient to vacate the said deed; on September 1, 1950, a petition for Writ de Lunatico Inquirendi was filed by Catherine B. Rainey, sister of the patient, at which time the patient was in Providence Hospital; an order of attachment was issued out of this Court and the patient was transferred to St. Elizabeths Hospital; on September 15, 1950, the matter came on for hearing before the Mental Health Commission; on September 20, 1950, the Mental Health Commission filed its report to the Court stating that the patient was of unsound mind and that an order should be entered by the Court to that effect; on October 2, 1950, a decree of adjudication and commitment was issued by this Court; the patient was released in the custody of one Maurice Rainey, her nephew, and Nicholas J. Chase, an attorney of this Bar, was appointed as Committee for the patient's estate; the patient was thereupon removed to the Mary Knoll Nursing Home in this city on October 4, 1950; on October 9, 1950, a motion for jury trial was made by counsel for the patient; on October 12, 1950, a jury trial was ordered by this Court to be set down for trial on October 18, 1950; the jury trial was held, and after due deliberation the jury returned a verdict that the patient was of sound mind, and the patient was immediately released by this Court.

The claim of counsel for petitioner appears to be based primarily on the fact that petitioner instituted the original proceeding in good faith; thus, this Court, as a Court of equity, should award costs in the exercise of its discretion.

Title 21, Section 312 of the District of Columbia Code, 1940 Ed., provides in part: " * * * In any case in which a commitment at public expense, in whole or in part, is sought, the corporation counsel or one of his assistants shall represent the petitioner unless said petitioner shall be represented by counsel of his or her own choice."

The preceding section, Title 21, Section 311, District of Columbia Code, 1940 Ed., expressly provides that: " * * * The court may in its discretion appoint an at-

torney or guardian ad litem to represent the alleged insane person at any hearing before the court, or before the court and jury, and shall allow the attorney or guardian ad litem so appointed a reasonable fee for his services. Such fees may be charged against the estate or property, if any, of the alleged insane person".

Reading these two sections together, the intent of Congress was clearly to give the Court power to order the payment of the costs of the patient out of the estate or property of the patient, and to provide that the Corporation Counsel or one of his assistants should present the case of the petitioner to the jury. The petitioner here has alleged that she is without funds to pay the costs of this proceeding. Congress used the word "unless" in Section 312, supra, indicating that a petitioner in this type of proceeding would not be required to rely upon the assistance of the Corporation Counsel, but could secure counsel of her own choice. The petitioner, then, is not required to proceed with private counsel, but may procure the aid of the Corporation Counsel who acts in the public interest in presenting the facts to the Court and the jury.

The petitioner here contracted with counsel to aid her; the petitioner's agreement with her counsel was voluntary, and having made her choice, it is not fair and equitable to charge the expense against the patient.

Counsel has cited many authorities on this question, but in view of the wording of our statute, supra, cases from other jurisdictions are not in point.

In a lunacy inquiry the Court is concerned on the one hand with the best interests of the individual alleged to be a lunatic, and on the other hand with the interests of the public in this type of proceeding. To authorize the petitioner to proceed with private counsel and then charge the costs of the proceedings against the patient would serve neither the interests of the patient nor the public. It is conceivable that such charges could deplete the estate of a patient, and thus the patient would become a public charge, even though she be regarded as of sound mind.

This Court finds that the justice of this case requires that costs be apportioned so that the petitioner bear the expense of her counsel as well as the taxable cost of this proceeding, and of course the patient will satisfy costs of her counsel and the expense of expert witnesses out of her own pocket.